**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4104**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTONIO DANIEL MCGHEE, a/k/a AD,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Mark S. Davis, District Judge. (4:12-cr-00010-MSD-LRL-1)

Submitted: September 30, 2013          Decided: October 15, 2013

Before NIEMEYER, GREGORY, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Keith L. Kimball, Assistant Federal Public Defender, Caroline S. Platt, Appellate Attorney, Norfolk, Virginia, for Appellant. Howard Jacob Zlotnick, Assistant United States Attorney, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Antonio Daniel McGhee of conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951 (2006); interference with commerce by robbery, in violation of 18 U.S.C. § 1951; carjacking, in violation of 18 U.S.C. § 2119 (2006); and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (2006). The district court sentenced McGhee to a within-Guidelines sentence of 244 months' imprisonment. On appeal, counsel for McGhee filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal, but questioning whether the district court erred in admitting testimony in violation of Fed. R. Evid. 608(a) and whether the prosecutor made improper remarks in closing arguments. McGhee has filed a supplemental pro se brief claiming ineffective assistance of counsel and asserting that his convictions should be overturned based on Alleyne v. United States, 133 S. Ct. 2151 (2013), and the Double Jeopardy Clause. We affirm.

We review a district court's evidentiary rulings for abuse of discretion, which occurs only when the district court's decision is guided by erroneous legal principles or rests upon a clearly erroneous factual finding. United States v. Johnson, 617 F.3d 286, 292 (4th Cir. 2010). Further, evidentiary rulings

2

are subject to harmless error review; an error is harmless when we can say "with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." Id. (internal quotation marks omitted). We conclude, based on the record, that any opinion testimony presented in violation of Rule 608(a) was harmless.

Although we have held that it is plain error when a prosecutor states that a defendant has lied under oath, see United States v. Woods, 710 F.3d 195, 203 (4th Cir. 2013), we will reverse a conviction based on improper prosecutorial remarks only if "the remarks were, in fact, improper, and . . . the improper remarks so prejudiced the defendant's substantial rights that the defendant was denied a fair trial." United States v. Chong Lam, 677 F.3d 190, 209 (4th Cir. 2012) (internal quotation marks omitted). In assessing prejudice, we consider

> (1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters; (5) whether the prosecutor's remarks were invited by improper conduct of defense counsel; and (6) whether curative instructions were given to the jury.

United States v. Wilson, 624 F.3d 640, 656-57 (4th Cir. 2010). These factors are to be viewed in the context of the trial as a

3

whole, and no single factor is dispositive. United States v. Lighty, 616 F.3d 321, 361 (4th Cir. 2010). Our assessment of the record in light of the above factors leads us to conclude that McGhee was not so prejudiced by the prosecutor's problematic remarks that he was denied a fair trial.

Because the jury specifically found that McGhee brandished a firearm, McGhee's reliance on the Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151 (2013), lacks merit. Likewise, we find no merit in McGhee's claim that his convictions violate the Double Jeopardy Clause, as it is evident that each charge requires proof of a fact that the other does not, see Blockburger v. United States, 284 U.S. 299, 304 (1932), and a substantive crime and a conspiracy to commit that crime are separate offenses for purposes of the Double Jeopardy Clause, see United States v. Felix, 503 U.S. 378, 390-91 (1992).

Finally, McGhee's pro se brief alleges that defense counsel rendered ineffective assistance when he failed to advise McGhee to plead guilty. However, the record does not conclusively establish any deficient performance of counsel. See United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008) (providing standard); United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). We therefore conclude that the ineffective assistance claims are not cognizable on direct appeal. Rather, to permit adequate development of the record, McGhee must pursue

4

such claims, if at all, in an appropriate proceeding for post-conviction relief. <u>United States v. Baptiste</u>, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform McGhee, in writing, of the right to petition the Supreme Court of the United States for further review. If McGhee requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McGhee.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>